Edward Dick SIKES, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of
Health, Education and Welfare,
Defendant.

No. 12480.

United States District Court
W. D. Missouri, W. D.

June 2, 1960.

Thomas J. Conway, Jr., Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., for plaintiff.

Edward L. Scheufler, U. S. Atty., John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., for defendant.

RIDGE, Chief Judge.

By the instant action plaintiff seeks review of the final decision of the Appeals Council, Social Security Administration, Department of Health, Education and Welfare, denying a "freeze" period of disability asserted by plaintiff under Section 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i).

A Referee heard the evidence adduced in support of plaintiff's contention that he is eligible for monthly insurance benefits under the Social Security Act, based on his application filed June 3, 1957, because of a "disability" beginning not later than December 31, 1953. The Referee's finding and conclusion that petitioner did not sustain the burden of proof cast upon him under the act and, therefore, was not entitled to any monthly insurance benefits was affirmed by the Appeals Council. The Secretary of Health, Education and Welfare adopted such findings as his decision on plaintiff's application.

The issue here is whether there is substantial evidence in the record to support the decision of the Secretary that the plaintiff (having the burden of proof thereof) failed to establish that he is entitled to a period of disability (a so-called "disability freeze") under Section 216(i) of the Social Security Act (42 U.S.C.A. § 416(i)) or to disability insurance benefits under Section 223 of the Act, (42 U.S.C.A. § 423.)

■ Plaintiff's applications to establish disability and for disability insurance benefits were denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance, after the Missouri State Department of Education, Section of Vocational Rehabilitation. Thereafter, the plaintiff requested and was granted a personal hearing before a Hearing Examiner, who found that plaintiff is not entitled to the establishment of a period of disability and/or to monthly benefits" under the Social Security Act. Thereafter, plaintiff requested a review by the Appeals Council. The same was denied on the ground that "after careful examination of this matter, we are of the opinion that a formal review of the Referee's decision would result in no advantage to the claimant." Hence the decision of the Hearing Examiner became the "final decision of the Secretary" on plaintiff's case, within the meaning of Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)).

The main issue in this case was whether, by reason of a medically determinable impairment, or combination of impairments, expected to be of long-continued and indefinite duration, plaintiff has established that he was continuously unable to engage in any substantial gainful activity from a time not later than December 31, 1953, and continuing to the time of the filing of his application, (June 3, 1957) and whether during that time plaintiff was suffering from such an impairment as to render him unable to engage in any substantial gainful activity.

The medical evidence in this case consists of written reports of doctors. From such reports it is reasonable to conclude that plaintiff does not have a physical, determinable impairment which precludes him from the performance of any substantial gainful work as claimed. In his application to establish disability, plaintiff traces his claim of disability to a back injury received in the year 1941, which in 1949 caused a laminectomy operation to be performed on his back. Thereafter, plaintiff was gainfully employed until the year 1953, after which time plaintiff claims that he could not do any work because his back "became progressively worse." There is no medical evidence in the instant record tending to establish the progressive nature of any injury to plaintiff's back subsequent to the time he had a spinal fusion in his lumbar spine in 1949. The only disabili-

874

ty established to plaintiff's back was at least of six years' duration at the time of his appearance before the Referee.

Substantially, the record shows that from plaintiff's eligibility date he has had residuals of an old ruptured intervertebral disk, for which he was operated and a bone graft done in 1949, and that he had some recurrence of pain symptoms therefrom in 1954 and the years following. The evidence is, however, that in 1954 plaintiff weighed 229 pounds and was 71 inches tall. The doctor who examined plaintiff at that time did not "advise (him to) lay off, (but) only (do) light work." (Tr. 82) There is no evidence of any medical treatment to plaintiff in the years 1955 and 1956. So far as the record shows, plaintiff was not again seen by any physician until February 7, 1957, at which time plaintiff weighed 241 pounds. The physician who then examined plaintiff "felt sure that (plaintiff's) back would not hurt him so much if he would lose 50 pounds." Another physician examined plaintiff on October 11, 1957. Because of plaintiff's marked obesity and unstable back, that physician could not evaluate the injury to his back or the measure of his pain. Plaintiff was again examined in August, 1958, at which time he weighed 248 pounds. That physician noted that he considered plaintiff presently "incapacitated for any manual labor because of the pain in his back"; but it was his further "impression that the loss of about 75 pounds of weight would be very helpful to him." Aside from the clinical findings of a laminectomy made by the above examining physician, no X-ray films or clinical findings established any present disability, other than the laminectomy above mentioned, existing in plaintiff's back. Without undertaking a more detailed statement of the contents of the medical reports, all of which were considered by the Referee, we think it sufficient to say that there is substantial evidence in the instant record from which the Referee could conclude, as he apparently did, that plaintiff's obesity is a concurring cause of any disability which he presently claims to his back; that the same is not due to any pathological condition and that plaintiff would be greatly benefited by a substantial weight reduction so that the over-all picture concerning plaintiff's work record and claimed disability is that "his impairment is remediable to a degree which would permit him to engage in substantial gainful activity within the meaning of the Act, and regulations of the Secretary issued pursuant thereto, and therefore, plaintiff has not established his claim of disability by a greater weight of the credible evidence in the record, and that such claim should be rejected.

It is particularly significant here that the obesity of plaintiff was not particularly considered by any physician prior to 1954. Since that time, such fact has seemingly become one of significance as to whether or not plaintiff has established "complete disability" that would sustain a "freeze" date under the Act, as of December 31, 1953. We say this, because plaintiff has now filed motion to have this cause remanded to the Secretary for the admission of additional evidence, the nature of which plaintiff states will "establish that the petitioner has attempted under medical care to lose weight but that his condition is such that he cannot lose weight and that his condition is further aggravated by heart conditions, and that when these things are coupled with the back injury, he is under a complete disability and not capable of performing any substantial gainful employment and, therefore, entitled to disability benefits." Fairly considered, without more, all that such statement can import is that since his "freeze" date plaintiff has sustained some pathological or functional change which now would render him to be under a "disability" within the meaning of Section 216(i) of the Act, supra. Such a showing would be insufficient to establish a "disability" as plaintiff claimed on June 3, 1957, to make him eligible for insurance benefits from a "freeze" date of December 31, 1953, or to warrant a remand of this claim to the Secretary.

■ Unless there is an inherent error in the decision of the Secretary or the proceedings in the administrative hearing, it is necessary to apprise the Court of the general nature of proof that plaintiff would like to introduce, before the Court could be justified in remanding this case for the submission of new evidence. Butler v. Folsom, D.C.W.D.Ark., 167 F. Supp. 684, loc. cit. 687. In support of his motion to remand, plaintiff proffers a letter from an examining physician dated February 29, 1960, in which it is stated that plaintiff "was examined by me a few days ago to determine whether or not, in my opinion, he was totally disabled." Thereafter the examining physician states: "Mr. Sikes is totally disabled from any work of any kind permanently. This opinion is based on review of his physical findings and review of his long case history and reports of surgeons who have examined him and sent reports." He then sets forth the history on which he premises such conclusion, states certain clinical findings as to plaintiff's "blood pressure," * * * "heart was regular rate and rhythm" * * * and "lungs"; and concludes with a "diagnosis of back injury, obesity, low-grade mild cardial insufficiency, and unsuccessful back fusion surgery, 1945." All those matters were considered by the Referee, and Appeals Council, when they rendered their decision on plaintiff's claim. The conclusions of other examining physicians of recent date are of like tenor. From the showing so made, nothing could be added to this record that is not already contained therein. The testimony of an examining physician who had not examined plaintiff at or near the time of his "freeze" date, is not substantial evidence where the medical opinion that "plaintiff became totally and permanently disabled" is made from historical considerations and not from present clinical findings attributable to the prior record. (cf.) United States v. Spaulding, 1935, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617.

■ The Court finds that plaintiff has failed to meet the burden of proof required to entitle him to a finding of dis-

ability from December 31, 1953 to date, under the Social Security Act, supra. It Is, Therefore, Ordered By The Court that the conclusion of the Secretary of Health, Education and Welfare to the same effect be, and the same is hereby, affirmed.

Plaintiff's motion to remand this cause for the purpose of admitting additional evidence is denied.

It is so ordered.